## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,* v. **THOMAS EDWARD GAILUS,** *Defendant.* | Case No. CR-24-129-RAW |

## UNITED STATES' TRIAL BRIEF

COMES NOW the United States of America, by and through Christopher J. Wilson, United States Attorney, Jessie K. Pippin, Assistant United States Attorney, and Gwendelynn Bills, Trial Attorney, and respectfully submits its brief for trial in the above-styled case.

## STATUS OF THE CASE

A. A jury trial is currently set for January 7, 2025, before the Honorable Ronald A. White.

B. Estimated time for trial (including jury selection) is 3 days.

C. The defendant is in custody.

D. Trial by jury has not been waived.

E. The United States expects to call approximately 8 to 10 witnesses.

F. An interpreter is not needed.

G. The parties are in the process of discussing both stipulations and preadmission of exhibits and are working on agreements. The parties will notify the Court of any agreements.

H. Defendant has not given the United States notice of any affirmative defense or disclosed any expert witnesses.

## PROCEDURAL HISTORY

On August 14, 2024, a grand jury returned a single count Indictment, charging defendant with Possession of and Access with Intent to View Certain Material involving the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2), relating to events which occurred beginning in or about April 2018 and continuing until on or about March 23, 2023.

## FACTUAL OVERVIEW

On March 23, 2023 law enforcement executed a search warrant on the Defendant's residence. The search warrant related to an investigation into a website operating over Tor (also known as the "dark web") that was dedicated to trafficking in child pornography and discussing child sexual exploitation. Specifically, evidence showed a person using the IP address at the Defendant's residence was a member of the website and had distributed child pornography. During the search warrant, numerous digital devices were seized including three computers: a Hewlett Packard Stream Laptop (S/N: 5CD6414KDD) seized from the Defendant's bedroom, a Hewlett Packard Pavilion Tower (S/N: MXU2400G6P) and a Lian Li Desktop Tower (SN: 127572) both seized from the Defendant's PODs storage container. Law enforcement also seized a Seagate Backup Plus Hard Drive 2TB (S/N: NA95DB89) from the Defendant's closet. This external dark drive was physically destroyed and significantly bent.

Forensic analysis was performed on all of the computers. Although attempts were made to forensically examine the Seagate Hard Drive, they were unsuccessful due to the damage to the device. The forensic analysis from the Stream Laptop showed that it was used to access websites on the Dark Web that are dedicated to trafficking in child pornography, discussing child exploitation, or that were directories for such websites. Additionally, the Stream Laptop showed that the broken Seagate Hard Drive was used to store substantial amounts of child pornography

that was viewed on the Stream Laptop. The Stream Laptop contained cached copies of child pornography images. The other two computers similarly showed evidence that the Defendant used them to view substantial amounts of files with titles indicative of child pornography. The Lian Li tower contained four video files showing the sexual abuse of a small child. The titles of those files indicate that the child in those videos is 6 years old. Collectively, this evidence shows the Defendant's consistent possession of and access with intent to view child pornography.

## PROPOSED WITNESSES AND TIME OF DIRECT EXAMINATION

The United States expects to call the following witnesses in its case-in-chief. The anticipated time for the direct examination and a summary of the expected testimony is provided for each witness. *Note:* This is not an exhaustive list of potential witnesses in the case, nor is it an all-inclusive list of the topics each witness will discuss at trial. Rather, the following are merely the witnesses and topics the United States believes may be necessary.

1. **Ariana Gailus**
   **Approximately 30 minutes**

This witness will testify regarding her relationship to the Defendant; her knowledge of the Defendant's residence and his exclusive spaces within the residence; her knowledge of the Defendant's PODS container; her knowledge of electronic devices used by and seized from the Defendant; and all other facts and circumstances consistent with the above summary and the statements this witness made to members of law enforcement.

2. **Christian Alden**
   **Approximately 30 minutes**

This witness will testify regarding his relationship to the Defendant; his knowledge of the Defendant's residence and the Defendant's exclusive spaces within the residence; his knowledge of the Defendant's PODS container; his knowledge of electronic devices used by and seized from

the Defendant; and all other facts and circumstances consistent with the above summary and the statements this witness made to members of law enforcement.

3. **Special Agent Jeremy Overbay**
   **Approximately 20 minutes**
   **Federal Bureau of Investigation**

This witness will testify to his participation in the criminal investigation of this case and the execution of the search warrant of the Defendant's residence.

4. **Special Agent Paul Staso**
   **Approximately 20 minutes**
   **Federal Bureau of Investigation**

This witness will testify to his participation in the criminal investigation of this case and the execution of the search warrant of the Defendant's residence.

5. **Special Agent Austin McCourt**
   **Approximately 20 minutes**
   **Federal Bureau of Investigation**

This witness will testify to his participation in the criminal investigation of this case and the execution of the search warrant of the Defendant's residence.

6. **Special Agent Amy Holt**
   **Approximately 30 minutes**
   **Federal Bureau of Investigation**

This witness will testify to her participation in the criminal investigation of this case and the execution of the search warrant of the Defendant's residence. This witness will also testify regarding the fact of the Defendant's prior conviction and the file titles involved.

7. **Hope Vance**
   **Approximately 20 minutes**
   **Federal Bureau of Investigation**

This witness will testify to her participation in the criminal investigation of this case and the execution of the search warrant of the Defendant's residence.

    **8.    Special Agent Meraf Degaga**
          **Approximately 20 minutes**
          **Federal Bureau of Investigation**

This witness will testify to his participation in the criminal investigation of this case and the execution of the search warrant of the Defendant's residence.

    **9.    Special Agent Rob Colunga**
          **Approximately 20 minutes**
          **Federal Bureau of Investigation**

This witness will testify to his participation in the criminal investigation of this case and the execution of the search warrant of the Defendant's residence.

    **10.    Computer Forensic Analyst Austin Pully**
           **Approximately 150 minutes**
           **Federal Bureau of Investigation**

This witness will testify to his participation in the criminal investigation of this case consistent with the expert notice filed in this case. (Doc. 33).

    **11.    Special Agent Drew Steinmetz**
           **Approximately 60 minutes**
           **Federal Bureau of Investigation**

This witness will testify to knowledge of and investigation into child exploitation websites that operate over the dark web, specifically his investigation into the dark web website initially under investigation in this case, as well as others visited by the Defendant.

## FACTUAL AND LEGAL ISSUES

At this time, the United States anticipates the following possible legal issues:

### I.    Rule of Sequestration

The government requests the Court instruct the witnesses for both the United States and the defense to comply with Rule 615 of the Federal Rules of Evidence. The United States will request that FBI Special Agent Amy Holt be allowed to sit at counsel table as the case agent.

II.  **Self-Serving Hearsay**

The government may admit certain of Defendant's statements as party-opponent nonhearsay under Federal Rule of Evidence 801(d)(2).  Should Defendant attempt to admit his own out-of-court statements, however, such self-serving statements would be inadmissible hearsay and the government would object to their admission.  *See, e.g.*, *United States v. Bishop*, 291 F.3d 1100, 1110 (9th Cir. 2002) (excluding testimony of what the defendants told an accountant despite that the testimony "may [have fallen] under the 'state of mind' exception" because the proposed testimony would have been "self-serving" and "duplicative of the defendants' own testimony about their state of mind, if they chose to testify").

III.  **Federal Rule of Evidence 414**

The Government has previously filed its notice of intent to introduce evidence pursuant to Federal Rule of Evidence 414 and, in the alternative, Federal Rule of Evidence 404(b).[1]  (Doc. 35). The Government has either produced to the Defendant, or made available for review at a government facility, discovery materials in its possession related to these other acts.

IV.  **Trade inscription**

The United States intends to admit evidence of the trade inscriptions on the seized devices pursuant to Federal Rule of Evidence 902(7). Federal Rules of Evidence 902 catalogs certain categories of evidence which are "self-authenticating" and "require no extrinsic evidence of authenticity in order to be admitted."  The country-of-origin labels fall squarely within one of the trade inscription category.  Federal Rule of Evidence 902(7) succinctly designates as self-

---

[1] To clarify the scope of the Rule 414 evidence sought following the Defendant's response in opposition (Doc. 41), the United States is not seeking to introduce the Defendant's prior conviction for "Communication with a Minor for Immoral Purposes," only his prior conviction for possession of child pornography.

authenticating "[a]n inscription, sign, tag, or label purporting to have been affixed in the course of business and indicating origin, ownership, or control." Inscriptions of foreign origins, such as the ones here, are regulated and misleading designations are prohibited by federal law. *See* 19 U.S.C. § 1304; 15 U.S.C. § 1456. This renders such inscriptions "particularly trustworthy." *United States v. Boles*, 914 F.3d 95, 109 (2d Cir. 2019). Thus, the labels of origin on the computer hardware in this case are self-authenticating.

These inscriptions are also not the type of statement subject to the hearsay rules, and even if they were, they fall firmly within the residual exception of Rule 807. Rather than being statements of the type that the hearsay rules are concerned with, country of origin labels are merely circumstantial physical evidence. *See United States v. Thody*, 978 F.2d 625, 631 (10th Cir. 1992) (holding that a "manufacturer's imprint in the gun is not hearsay" since it "is technically not an assertion by a declarant as contemplated by" the hearsay rules); *United States v. Koch*, 625 F.3d 470, 480 (8th Cir. 2010) (holding that computer and flash drive labels indicating they were manufactured in China were not inadmissible hearsay). Even if the country-of-origin descriptions were statements subject to the hearsay rules, they properly fall within the residual exception. Under the Residual Exception, a statement is not excludable hearsay if the statement is sufficiently trustworthy under the totality of the circumstances and is more probative than other evidence on the point for which it is offered. Fed. R. Evid. 807(a).[2] Country of origin descriptions are routinely upheld as exactly this category of evidence. *United States v. Wehrle*, 985 F.3d 549, 557 (7th Cir. 2021); *United States v. Boles*, 914 F.3d 95, 109–10 (2nd Cir. 2019) (holding that the residual exception is one of multiple hearsay exceptions that are sufficient to make country of origin inscriptions on computer hardware admissible); *United States v. Saguil*, 600 Fed. App'x 945, 946–

---

[2] The rule also carries a notice requirement, Fed. R. Evid. 807(b), which is satisfied by this filing.

47 (5th Cir. 2015) (holding the district court did not abuse its discretion in admitting a "Made in Japan" inscription on a camera under the residual exception); *United States v. Burdulis*, 753 F.3d 255, 263 (1st Cir. 2014). The country-of-origin inscriptions are inherently trustworthy for the same reasons they are self-authenticating, including because these inscriptions are required by law, 19 U.S.C. § 1304(a), and there is civil liability for false or misleading inscriptions, 15 U.S.C. § 1125. Further, "[t]here is also little incentive for a company to manufacture a produce in the U.S. and then deceptively affix a [foreign country] trade inscription." *Wehrle*, 985 F.3d at 556.

V. **Law enforcement sensitivities/protective order**

Pursuant to the protective order in this case, certain aspects of this investigation are not being named in public filings—including the name of the dark web websites under investigation. (Doc. 30). Due to the needs of trial, the United States anticipates that these websites will be identified during the trial. Any necessary redactions from the resulting transcripts will be sought at the appropriate time.

## SCHEDULING CONFLICTS

The Government is not currently aware of any scheduling conflicts of counsel or necessary witnesses.

## CONCLUSION

The United States respectfully submits this Trial Brief to anticipate the factual and legal issues which may arise at trial. The United States requests that this Court grant it leave to submit additional briefing should subsequent issues be identified.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

s/ Jessie K. Pippin
JESSIE K. PIPPIN, OBA # 33905
Assistant United States Attorney
520 Denison Avenue
Muskogee, OK 74401
(918) 684-5100
Email: jessie.pippin@usdoj.gov

GWENDELYNN BILLS, TNBA #034150
Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue N.W.
Washington, D.C. 20005
Tel: 202-514-5780
Gwendelynn.E.Bills@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 10, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrant:

    Richard Koller
    Stuart Southerland
    Counsels for Defendant

    s/ Jessie K. Pippin
    JESSIE K. PIPPIN, OBA # 33905
    Assistant United States Attorney